The road in question passed over the land of an ancestor of the plaintiff for sixty or seventy years, and had been used by him and by the plaintiff for the length of time as a mill road, and also for the purpose of going to meeting, and for getting out into the Danville Road, when they had occasion to visit that place. More than twenty years ago, the lower part of the land had been sold off by the father of the plaintiff, which embraced a portion of the road, and since its detachment, the father, and then the son, had continued to use and enjoy, for twenty years or more, the privilege of passing along the road, for the purposes above set forth. A short time before the bringing of this suit, the defendant, who had become the owner of the lower part, put a fence across the road, within the boundaries of his own lands, and obstructed it. The Court instructed the jury, that if the plaintiff had used and enjoyed the way for more than twenty years, he would be entitled to recover. *Page 373 
Under these instructions, the jury found a verdict for the plaintiff.
Rule for a venire de novo; rule discharged, and appeal to this Court.
The charge was, in effect, that if the plaintiff had used and enjoyed the way for more than twenty years, he was entitled to recover. This is correct, as far as it goes; but it does not go far enough. The user must be adverse, and as of right. No right can be acquired, unless it be claimed and asserted. This case is settled by that of MEBANE v. PATRICK, ante. 23; INGRAM v. HOUGH, id. 39, not published until after the trial.
Venire de novo.